IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) ) | No. 75583-8-I |
| LASZLO MOLNAR, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) | FILED: January 22, 2018 |

SCHINDLER, J. — Laszlo Molnar pleaded guilty to rape in the second degree. Molnar challenges two of the community custody conditions the court imposed. Because the conditions prohibiting Molnar from possessing, using, accessing, or viewing sexually explicit material and from entering sex-related businesses are not crime related, we grant the petition and remand.

Laszlo Molnar and his spouse owned and operated a 24-hour family care center, AA Adult Family Home Inc. S.M.'s mother, 83-year-old B.A., lived at the care center. B.A. suffered from severe dementia and was unable to perform any daily functions on her own.

S.M. became concerned "when she noticed B.A. holding onto her hand longer, and with a stronger grip," when S.M. tried to leave. On November 12, 2014, S.M. placed a concealed video camera in B.A.'s room.

The next evening, S.M. visited B.A. and retrieved the memory card from the video camera. The video showed Molnar sexually assaulting B.A. The video shows

Molnar entering B.A.'s room and helping her sit up in bed. Molnar then pulls down his sweatpants, exposing his penis. Molnar then puts his penis in B.A.'s mouth.

S.M. gave the video to the Auburn Police Department. The police arrested Molnar. On November 14, two detectives from the Auburn Police Department interviewed Molnar. Molnar denied having sexual contact with B.A. But after the detectives played the video, Molnar admitted that he placed his penis in B.A.'s mouth approximately 10 different times.

The State charged Molnar with rape in the second degree in violation of RCW 9A.44.050(1)(b). The State alleged the victim was particularly vulnerable and that the offense was a crime of domestic violence. On August 26, 2015, Molnar pleaded guilty to rape in the second degree. On October 19, the court imposed a standard range sentence of 102 months to life imprisonment and community custody conditions. Molnar did not appeal the conviction.

On July 29, 2016, Molnar timely filed a personal restraint petition arguing his attorney provided ineffective assistance of counsel and challenging two of the community custody conditions. The acting chief judge dismissed the claims of ineffective assistance but referred the challenge to the community custody conditions to the panel for determination on the merits.[1]

Molnar contends the condition prohibiting him from entering sex-related businesses and the condition prohibiting him from possessing sexually explicit or erotic materials are not crime related and must be stricken.

---

[1] Molnar filed a motion for discretionary review of the acting chief judge's ruling dismissing the claims of ineffective assistance. On September 6, 2017, a commissioner of the Washington Supreme Court issued a ruling denying review. The commissioner determined Molnar cannot establish that his attorney's performance prejudiced him and the acting chief judge properly dismissed the claims of ineffective assistance.

Condition 9 states:

Do not enter sex-related businesses, including: x-rated movies, adult bookstores, strip clubs, and any location where the primary source of business is related to sexually explicit material.

Condition 10 states:

Do not possess, use, access or view any sexually explicit material as defined by RCW 9.68.130 or erotic materials as defined by RCW 9.68.050 or any material depicting any person engaged in sexually explicit conduct as defined by RCW 9.68A.011(4) unless given prior approval by your sexual deviancy provider.

Under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, the court may order a defendant to comply with crime-related prohibitions while on community custody. RCW 9.94A.505(9), .703(3)(f). The SRA defines "crime-related prohibition" as "an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10).

We review the imposition of crime-related prohibitions for an abuse of discretion. In re Pers. Restraint of Rainey, 168 Wn.2d 367, 374-75, 229 P.3d 686 (2010). We will uphold a community custody condition if the condition is "reasonably crime related." State v. Warren, 165 Wn.2d 17, 32, 195 P.3d 940 (2008).

The State cites State v. Magana, 197 Wn. App. 189, 389 P.3d 654 (2016), to argue conditions 9 and 10 were properly imposed because Molnar was convicted of a sex offense. In Magana, Division Three upheld similar conditions. The court held, "Because Mr. Magana was convicted of a sex offense, conditions regarding access to X-rated movies, adult book stores, and sexually explicit materials were all crime related and properly imposed." Magana, 197 Wn. App. at 201.

3

But in <u>State v. Norris</u>, ___ Wn. App. ___, 404 P.3d 83, 89 (2017), we rejected <u>Magana</u> to the extent the decision "stands for either a categorical approach or the broad proposition that a sex offense conviction alone justifies imposition of a crime-related prohibition." We reiterated that "there must be some evidence supporting a nexus between the crime and the condition." <u>Norris</u>, 404 P.3d at 89.

Here, there is no evidence in the record showing a nexus between the crime and frequenting sex-related businesses or any evidence suggesting that sexually explicit or erotic materials contributed to Molnar's conviction.[2] Therefore, we hold the trial court must strike conditions 9 and 10.

We grant the petition and remand to strike conditions 9 and 10.

WE CONCUR:

Trickey, ACJ

Cox, J.

---

[2] Because we conclude the condition relating to sexually explicit or erotic materials is not crime related, we need not address Molnar's argument that this condition is void for vagueness.

4